### McCARTEN v. SMITH.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

SPECIFIC PERFORMANCE (§ 128*) — PROCEEDINGS AND RELIEF — RELIEF AWARDED.

　　In an action for specific performance of a contract to convey real estate, or for damages if specific performance could not be decreed, the court, having acquired jurisdiction in equity, should, upon refusing specific performance as impossible, have granted whatever relief plaintiff was entitled to, and erred in dismissing the complaint where he was entitled to the return of his deposit and expenses of examining the title.

　　[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 412–419; Dec. Dig. § 128.*]

　　Thomas, J., dissenting.

Appeal from Special Term, Nassau County.

Action by Elisha E. McCarten against Adella Smith. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Clinton M. Flint, of Freeport, for appellant.

Henry Waldman, of New York City, for respondent.

PER CURIAM: We think this judgment should be reversed. The action was brought in equity for a specific performance of a contract

──────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to convey real property, or, if specific performance could not be decreed, then for damages. The court, having acquired jurisdiction in equity, should have granted whatever relief the plaintiff was entitled to, and should not have dismissed the complaint with costs. Under the facts of this case, if specific performance could not be granted, then the plaintiff was entitled at least to the return of his deposit money, amounting to $200, and to his reasonable expenses in examining the title. We find no proofs in the case as to the latter item. The plaintiff attempted to establish a claim for damages for breach of the contract; that is, the difference between the agreed purchase price and the reasonable market value of the property. We think that under the particular wording of the contract, the proofs did not entitle him to such damages; but, as to his deposit and expenses, he was clearly entitled to recover, when specific performance was refused.

The judgment is reversed, and a new trial granted, costs to abide the final award of costs. All concur, except THOMAS, J., who dissents.

───────────

(86 Misc. Rep. 20)

FRANKLIN BLDG. CO. v. FINN.

(Supreme Court, Appellate Term, First Department. June 10, 1914.)

LANDLORD AND TENANT (§ 298*)—REMOVAL OF TENANT—SUMMARY PROCEEDING—CLAIMS OF TENANT.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

    Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

